IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **MICHAEL PENSE,** | * |
| Plaintiff | * |
| v. | *   Civil No.: PWG-17-1791 |
| **MARYLAND DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES,** | * * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

In June 2017, Plaintiff, Michael Pense, filed a seven-count lawsuit against his former employer, Maryland Department of Public Safety and Correctional Services (the "Department"), alleging unlawful discrimination on the basis of sex and disability in violation of various statutes as well as violations of the Maryland and United States constitutions. Compl., ECF No. 1.[1] Mr. Pense agreed to dismiss four causes of action—Counts I, III, VI, and VII. Paperless Order, ECF No. 10; Am. Compl., ECF No. 11; Def.'s Resp. 1, n.1, ECF No. 16. After an interlocutory appeal to the Fourth Circuit Court of Appeals resulting in a ruling that the Department had not waived sovereign immunity with regard to the Fair Employment Practices Act, I dismissed Counts II and

---

[1] The original Complaint included the following seven causes of action: (1) sex discrimination in violation of Title VII, 42 U.S.C. §§ 2000e *et seq.* (Count I); (2) sex and sexual orientation discrimination in violation of the Maryland Fair Employment Practices Act ("FEPA"), Md. Code Ann., State Gov't §§ 20-601 *et seq.* (Count II); (3) disability discrimination in violation of Title I and Title II of the Americans with Disabilities Act, as amended ("ADA"), and the ADA Amendments Act ("ADAAA"), 42 U.S.C. §§ 12101–12113 *et seq.*, 12131–12133 *et seq.* (Count III); (4) disability discrimination in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. §§ 791-794 (Count IV); (5) disability discrimination in violation of the FEPA (Count V); (6) deprivation of procedural due process under the Fourteen Amendment, in violation of 42 U.S.C. § 1983 (Count VI), and (7) deprivation of procedural due process in violation of the Maryland Declaration of Rights (Count VII). ECF No. 1.

V, and only one cause of action remained—Count IV for disability discrimination in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. §§ 791-794. Ltr. Order, ECF No. 30. The Department has filed the pending motion to dismiss Count IV. Mot., ECF No. 38. Having reviewed the filings,[2] I find that a hearing is unnecessary in this case. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons stated herein, Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint, ECF No. 38, is DENIED.

## BRIEF[3] BACKGROUND

Mr. Pense worked for the Department for 17 years.[4] Sec. Am. Compl. ¶ 13, ECF No. 36. He alleges that in April 2015, a new female employee, Ms. Matta Zeinali, falsely accused him of sexual harassment,[5] which ultimately led to an investigatory interview in June 2015, during which Mr. Pense disclosed that he is a homosexual male and HIV positive. *Id.* at ¶¶ 2, 9, 16-17. After the interview, Mr. Pense was immediately placed on administrative leave and then summarily terminated on June 29, 2015. *Id.* at ¶ 2. Although the Department determined that Ms. Zeinali's allegations could not be sustained, it nevertheless denied Mr. Pense's internal appeal of his termination. *Id.* at ¶ 2, 35-36. Although it had not provided a reason at the time of termination, the Department later sent Mr. Pense a letter stating that his employment was terminated because "new leadership was needed to promote effective and efficient operations." *Id.* at ¶ 29. Mr. Pense asserts that the "real reason" he was fired is because he "is a gay male and HIV positive." *Id.* at ¶ 31. Mr.

---

[2] In addition to the dismissal motion, ECF No. 38, Plaintiff filed a Response in Opposition, ECF No. 41, and Defendant filed a Reply, ECF No. 42.

[3] The parties are familiar with the detailed background of this case, so I provide only a brief summary. For a more in-depth treatment of the factual and procedural background of this case, *see* Letter Orders, ECF No. 19, 27; Published Opinion of the Fourth Circuit Court of Appeals, ECF No. 28-1; Letter Order, ECF No. 30.

[4] During the relevant period, Mr. Pense was the Director of Budget Management. Sec. Am. Compl. ¶ 8.

[5] Ms. Zeinali also filed a lawsuit against Mr. Pense in federal court on June 2, 2015, which was dismissed on December 20, 2016. Sec. Am. Compl. ¶¶ 19, 38.

Pense adds that of the four individuals that Ms. Zeinali alleged had perpetuated the harassment, only he was placed on administrative leave, and only he was terminated. *Id.* at ¶ 33. Mr. Pense believes that he was replaced with an employee who is not a homosexual male and who has no disability. *Id.* at ¶ 37. Mr. Pense received a Notice of Right to Sue letter from the United States Equal Employment Opportunity Commission ("EEOC") in April 2017. *Id.* at ¶ 5. He seeks to be reinstated and awarded lost wages, benefits, and compensatory damages. In response to Mr. Pense's Second Amended Complaint, the Department filed the pending motion to dismiss Count IV.

## STANDARD OF REVIEW

Pursuant to Rule 12(b)(6), a complaint is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In the context of employment discrimination, a plaintiff "need not allege specific facts establishing a prima facie case of discrimination." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003) (citing *Swierkiewicz v. Sorema*, 534 U.S. 506, 510-11 (2002)). Nonetheless, "*Swierkiewicz* [does not] remov[e] the burden of a plaintiff to allege facts sufficient to state all the elements of her claim." *Id.* (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002)). Thus, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Rule 12(b)(6)'s purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4

3

(D. Md. Dec. 13, 2012) (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)).

## ANALYSIS

The Rehabilitation Act of 1973 "establishes a comprehensive federal program aimed at improving the lot of the handicapped." *Consolidated Rail Corp. v. Darrone*, 465 U.S. 624, 626 (1984). It prohibits recipients of federal funding from discriminating against an "otherwise qualified individual with a disability . . . solely by reason of her or his disability." 29 U.S.C. § 794(a). "The analysis used to determine whether an employer has discriminated under the Rehabilitation Act is the same as the analysis under the Americans with Disabilities Act ("ADA")." *Works v. Colvin*, 519 F. App'x 176, 184 (4th Cir. 2013).

Mr. Pense's specific claim is that he was wrongfully terminated. The elements of a wrongful discharge claim are "(1) [the plaintiff] was a 'qualified individual with a disability'; (2) [he] was discharged; (3) [he] was fulfilling [his] employer's legitimate expectations at the time of discharge; and (4) the circumstances of [his] discharge raise a reasonable inference of unlawful discrimination." *Rohan v. Networks Presentations LLC*, 375 F.3d 266, 273 n.9 (4th Cir. 2004) (quoting *Haulbrook v. Michelin N. Am., Inc.*, 252 F.3d 696, 702 (4th Cir. 2001) ); *Wonasue v. Univ. of Md. Alumni Ass'n*, 984 F. Supp. 2d 480, 487 (D. Md. 2013) (quoting *Rohan* ); *see also Niner v. Garrett Cty. Pub. Works*, No. ELH-17-2948, 2018 WL 3869748, at *16 (D. Md. Aug. 15, 2018) ("To establish a prima facie case of wrongful demotion or discharge under the ADA, a plaintiff must show that (1) he is within the ADA's protected class; (2) he was subject to an adverse employment action; (3) at the time of the adverse employment action, he was performing the job at a level that met the legitimate expectations of his employer; and (4) his discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination."). A two-year statute

of limitations applies to Mr. Pense's claims.  *See Ott v. Maryland Dep't of Public Safety and Correctional Srvcs.*, 909 F.3d 655, 660 (4th Cir. 2018).

The Department asserts that Mr. Pense's allegations fail to satisfy the fourth element—that the circumstances of his "discharge raise a reasonable inference of unlawful discrimination." Mot. Mem. 6 (quoting *Works v. Colvin*, 93 F. Supp. 3d 405, 414 (D. Md. 2015)). The Department argues that Mr. Pense alleges no facts to suggest direct evidence of discrimination, and his disparate treatment theory—that other similarly-situated employees outside of his protected class were treated differently— is lacking because his selected comparators were not similarly situated. *Id.* (citing *Nanette v. Snow*, 343 F. Supp. 2d 465, 472-73 (D. Md. Oct. 29, 2004), *aff'd* 143 F. App'x 551 (4th Cir. 2005)).  The Department argues that only Mr. Pense was accused of sexual harassment against a co-worker, whereas the selected comparators were accused of permitting the harassment to continue unabated after it was reported, which suggests that the comparators were in supervisory positions over Mr. Pense.  Mot. Mem. 7.

A comparator must be similarly situated in all relevant respects.  *Sawyers v. United Parcel Service*, 946 F. Supp. 2d 432, 442 n.10 (D. Md. 2013).  This means that the plaintiff must show clearly that "'the employees "dealt with the same supervisor, [were] subject to the same standards and . . . engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it."'" *Id.* (quoting *Haywood v. Locke*, 387 F. App'x 355, 359 (4th Cir. 2010) (citation omitted)). "[T]he purpose of the similarly situated requirement is to eliminate confounding variables, such as differing roles, performance histories, or decision-making personnel . . . ." *Williams v. Silver Spring Volunteer Fire Dept.*, 86 F. Supp. 3d 398, 420 (D. Md. 2015) (quoting *Humphries v. CBOCS W., Inc.*, 474 F.3d 387, 405 (7th Cir. 2007)).  Thus, "[i]f different decision-makers are involved, employees are

5

generally not similarly situated." *Forrest v. Transit Mgmt. of Charlotte, Inc.*, 245 F. App'x 255, 257 (4th Cir. 2007). Indeed, "'[t]o be similarly situated the employees must have been disciplined by the same supervisor.'" *Jones v. Giant of Md., LLC*, No. DKC–08–304, 2010 WL 3677017, at *8 (D. Md. Sept. 17, 2010) (quoting *McDougal–Wilson v. Goodyear Tire and Rubber Co.*, 427 F. Supp. 2d 595, 610 (E.D.N.C. 2006)).

Here, Mr. Pense alleges that Ms. Zeinali complained to executive management, specifically Secretary Moyer, about Mr. Pense and three other directors, plausibly, at least for pleading purposes, making them peers, since they all reported to the same executive management. *See* Sec. Am. Compl. ¶¶ 17-20. An investigation was initiated, all four were interviewed, and the findings were reported to the Executive Director and to Secretary Moyer. *Id.* at ¶¶ 22-23, 27. The investigation resulted in a finding that Mr. Pense's actions did not constitute a hostile work environment." *Id.* at ¶ 35. Mr. Pense was the only one of the four to be placed on administrative leave and the only one who was terminated. *Id.* at ¶¶ 27, 33, 41. According to the allegations in the complaint, there is a difference in the complained-of behavior—Ms. Zeinali complained that Mr. Pense sexually harassed her, but she complained only that the other three did nothing about the harassment. Even though it is plausible that they all had the same supervisor, they were not investigated for engaging in the same conduct.

But the time to sort out the conflicting evidentiary facts that the Department raises is not on a motion to dismiss, but after discovery has taken place and the competing facts can be evaluated to determine if there is a genuine issue of material fact. As I have already noted, a plaintiff is not required to plead a prima facie case of discrimination to survive a dismissal motion, let alone the detailed evidentiary facts needed to establish a prima facie case, and "[t]he similarly situated analysis typically occurs in the context of establishing a prima facie case of discrimination,

6

not at the 12(b)(6) stage." *Woods v. City of Greensboro*, 855 F.3d 639, 648, 651 (4th Cir. 2017) (citation omitted). Mr. Pense must plead sufficient facts, taken as true, to allow me to draw a reasonable inference that the Department may be liable for discriminatory termination. *See id.* at 648.

Mr. Pense has alleged that when he was accused of sexual harassment, the initial response was to physically relocate him to another work location, but he continued to supervise the other Assistant Director of Budget Management, and he otherwise continued to perform his regular work duties. Sec. Am. Compl. ¶¶ 20-21. He further alleges that it was not until he later disclosed that he was a homosexual and HIV positive that he was placed on leave, which occurred within two hours of the disclosure, and he was terminated two weeks later with no reason provided. *Id.* at ¶¶ 22-28. He also states that he was replaced with an employee who is not a homosexual male and has no disability. *Id.* at ¶ 37. Mr. Pense adds that the three individuals who were accused of misconduct by allowing the complained-of harassment to continue were not homosexual males, had no disability, and were not placed on leave or terminated. *Id.* at ¶¶ 27, 33, 41. Mr. Pense further alleges that within six months of his termination, the Department also terminated two other homosexual men. *Id.* at ¶ 32.

Further, Mr. Pense alleges that even though he asked, he was given no reason for his termination. *Id.* at ¶ 28. For over 17 years, he had always received positive feedback in his performance evaluations, which leads him to the conclusion that the need-for-new-leadership reason provided in the letter he later received was pretextual. *Id.* at ¶¶ 14, 28-31. Taken together, these allegations are more than sufficient to state a plausible claim that he was terminated because his executive management learned he was an HIV-positive homosexual male. Whether the Department can provide a nondiscriminatory explanation under the burden-shifting regime of

*McDonnell Douglas v. Green*, 411 U.S. 792 (1973) is for later analysis, not under Rule 12(b)(6). In short, the Department is attempting to put the cart before the horse.

Finally, the Department also argues that Mr. Pense has failed to allege that it received federal financial assistance. Mot. Mem. 9. To pursue a claim under the Rehabilitation Act, a plaintiff "must show that the program or activity in question receives federal financial assistance." *Paulone v. City of Frederick*, 718 F. Supp. 2d 626, 634 (D. Md. 2010). While stated in a conclusory manner, Mr. Pense alleged that the Department is a Maryland state agency that receives federal funding. Sec. Am. Compl. ¶ 8. He did not provide any factual allegations to support that statement in his complaint but does provide support for the statement in his response to the Department's motion. *See* Resp. 3-4 (attaching exhibits of public documents that demonstrate that the agency receives federal funding).[6] The Department does not dispute that it receives federal funds. Under the circumstances, I shall deem the allegation sufficient to withstand dismissal, and this claim may proceed. Otherwise, any dismissal would be without prejudice to Plaintiff's amending the complaint, and there is no doubt that he would do so. This case already has been delayed by preliminary challenges; it is time for it to proceed to discovery.

Accordingly, Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint, ECF No. 38, is DENIED.

---

[6] On a motion to dismiss, a court may take judicial notice of matters of public record. *See* Fed. R. Evid. 201; *Sec'y of State for Def. v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir.2007) ("In reviewing the dismissal of a complaint under Rule 12(b)(6), we may properly take judicial notice of matters of public record." (citing *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004)).

**ORDER**

For the reasons stated in this Memorandum and Order, it is this 6th day of October 2020, hereby ORDERED that:

1. Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint, ECF No. 38, is DENIED;

2. Defendant shall file its Answer to the Second Amended Complaint, ECF No. 36, on or before October 23, 2020, after which the Court will enter a Scheduling Order and schedule a Federal Rule of Civil Procedure 16 conference call with the parties to discuss further pretrial proceedings.

/S/
Paul W. Grimm
United States District Judge